UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>            **Plaintiff,**<br><br>    **v.**<br><br>**EBER A. ESTRADA PALAFOX,**<br><br>            **Defendant.** | **18-cr-30038-ADB** |

**GOVERNMENT'S SENTENCING MEMO**

The United States of America, by and through Leah B. Foley, United States Attorney for the District of Massachusetts, and Assistant United States Attorney Caroline Merck, hereby files its Sentencing Memo for the defendant Eber A. Estrada Palafox ("Palafox" or "the defendant").

1.    Introduction

On June 4, 2025, the defendant pleaded guilty, pursuant to the terms outlined in the parties' Plea Agreement (Doc. No. 88), to Counts One through Three of the above-captioned Indictment, charging: (1) Conspiracy To Distribute And Possess With Intent To Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 846; (2) Conspiracy To Distribute And Possess With Intent To Distribute One Kilogram or More of Heroin and Fentanyl in violation of 21 U.S.C. § 846; (3) Conspiracy To Commit Money Laundering in violation of 18 U.S.C. § 1956(h), respectively. Pre-Sentence Report dated September 3, 2025 ("PSR"), ¶¶ 1, 4.

The defendant faces an advisory sentencing guidelines range of 70 to 87 months, based upon a Total Offense Level of 27 and a Criminal History Category of I, as well as a supervised release term of between two and five years on Counts One and Two and one to three years on Count Three. *Id*., ¶¶ 78, 82. The Government recommends that the Court sentence the defendant to 70 months

1

of incarceration (*i.e.* the bottom of his range) followed by five years of supervised release, a $300 special assessment, and a fine within the Guidelines.

    2.    <u>The Defendant Merits The Recommended Sentence</u>

        a.    <u>Legal Principles</u>

As the Supreme Court explained in *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), the district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range, and then consider all of the factors in 18 U.S.C. § 3553(a) to determine whether they support the sentence requested. The district court may not presume that the Guidelines range is reasonable, but must make an individualized assessment based on the facts presented. *Id.* at 597.

If the district court determines that a non-Guidelines sentence is warranted, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *Id*. Obviously, a major departure requires greater justification than a minor deviation. *Id*. The district court's explanation must allow for appropriate appellate review and promote the perception of a fair sentencing. *Id*.

The Guidelines "serve as the starting point for the district court's decision and anchor the court's discretion in selecting an appropriate sentence." *United States v. Molina-Martinez*, 136 S. Ct. 1338, 1349 (2016). Starting with the Guidelines' framework helps promote uniformity and fairness. *United States v. Rodriguez*, 630 F.3d 39, 41 (1st Cir. 2010). In most instances, "the Guidelines are not only the starting point . . . but also the lodestar." *Molina-Martinez*, 136 S. Ct. at 1346.

In this case, the recommended sentence best represents the statutory sentencing goals articulated in 18 U.S.C. § 3553(a). As the Supreme Court observed in *Rita v. United States*, 127

S. Ct. 2456, 2463 (2007), the sentencing judge and the Sentencing Commission are carrying out "the same basic 3553(a) objectives, the one at retail, the other at wholesale." In other words, the Sentencing Commission's guidelines are a "rough approximation of a sentence that might achieve § 3553(a)'s objectives." *Id*. at 2465. *See Gall*, 128 S. Ct. at 596 (stating "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark.").

    b.  The Nature And Circumstances Of The Offense

      i.  The Offense Is Serious

The nature and circumstances of the offense are extremely serious. *See* 18 U.S.C. § 3553(a)(1). As set forth in greater detail in the PSR, the defendant traveled to Western Massachusetts on three occasions in 2015 to help solicit cocaine customers and to assist on-site with cocaine deliveries. PSR, ¶¶ 13-14.

In July 2015, the defendant first traveled from California to Western Massachusetts to assist with the arrival of a ten kilograms delivery of cocaine. PSR, ¶ 16. Prior to this cross-country flight, the defendant had driven cross-country with two co-conspirators six month prior to help find customers. *Id.*, ¶ 15. After the arrival of first cocaine shipment, the defendant, accompanied co-conspirator, David Cruz, to make a delivery of five kilograms of cocaine to another co-conspirator, Miguel Betancourt. *Id.*, ¶ 17.

The defendant returned to the Western Massachusetts area in December 2015 to assist David Cruz once again with the arrival of a shipment. Id., ¶ 18. This second shipment contained eleven kilograms of cocaine. *Id.*, ¶ 18. Around this time, the defendant laundered cash drug proceeds back to Mexico with the help of David Cruz and Miguel Betancourt. ¶¶ 19-21.

In August 2016, a third shipment of eleven kilograms of cocaine arrived in Western Massachusetts, making the total of the three shipments thirty-two kilograms. ¶ 23.

After this third cocaine shipment, the defendant and David Cruz moved forward with an unrelated side deal and purchased one kilogram of heroin (which turned out to be pure fentanyl) with pooled funds. The defendant contributed $7,300 towards this purchase. ¶¶ 24-25.

      c.      History And Characteristics Of The Defendant

The personal characteristics of the defendant weigh in favor of the requested sentence, which falls at the bottom of the defendant's advisory guidelines range. *See* 18 U.S.C. § 3553(a)(1). The defendant was raised in a financially secure environment and he enjoyed a close bond with his parents. *Id.*, ¶¶ 51, 54-55. His childhood was free from substance abuse, domestic violence and physical or sexual abuse. *Id.*, ¶ 51. He excelled in school and went on to become a surgeon and obstetrician. *Id.*, ¶¶ 68-69.

At the age of twenty-three, the defendant got married began his own family. *Id.*, ¶ 59-60. While he and his wife divorced after only a year of marriage, the defendant maintains a close and supportive relationship with both his ex-wife and his daughter. *Id.*, ¶¶ 59-60. The defendant is subject to court-ordered child support. *Id.*, ¶ 59.

The defendant has no memory of his previous earnings as a doctor. *Id.*, ¶¶ 70-72. It is reported that he has no assets and cash flow. *Id.*, ¶ 75-76. There is no mention of any outstanding child support debt.

      d.      The Need for the Sentence Imposed

Lastly, the requested sentence is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. §

3553(a)(2)(A) and to afford "adequate deterrence to criminal conduct" and to "protect the public from further crimes of the defendant."  18 U.S.C. §§ 3553(a)(2)(B)-(C).

Here, the recommended sentence of imprisonment falls at the bottom of the advisory guidelines range and serves all of these crucial sentencing goals.  First, this sentence reflects the gravity of his offense, which introduced thirty-two of a highly dangerous drug – cocaine – into the Western Massachusetts area and, if successful, would have resulted in the similar distribution of a kilogram of deadly Fentanyl.  In addition, the defendant laundered narcotics proceeds back to Mexico through a co-conspirator's business in Connecticut.  Next, the sentence is essential to promote respect for the law and is stiff enough to deter others from similar crimes.  Lastly, the sentence is required to protect the public from further crimes of the defendant.

3. Conclusion

For the foregoing reasons, the Government respectfully asks that the Court impose a sentence of 70 months of incarceration, a fine within the Guidelines range, 60 months of supervised release, and $300 of special assessments.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ Caroline Merck
CAROLINE MERCK
Assistant U.S. Attorney
857-772-3403
Caroline.merck@usdoj.gov